DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ERIN A. CORNELL (CABN 227135)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7124
    Facsimile: (415) 436-7234
    erin.cornell@usdoj.gov

Attorneys for United States of America

FILED
NOV -4 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

TSH

3 19 71815

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAOLA ANDREA CORDOBA VELEZ, <br><br> Defendant. | CASE NO. <br><br> NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on November 1, 2019, the above-named defendant was arrested pursuant to an arrest warrant (copy attached) issued upon a

    ☐    Indictment

    ☐    Information

    **x**    Criminal Complaint

    ☐    Other (describe) _____

pending in the District of Oregon, Case Number 19-mj-202.

In that case (copy of complaint attached), the defendant is charged with a violation of Title 18, United States Code, Section 1204 – International Parental Kidnapping.

v. 7/10/2018

1 | The maximum penalties are as follows:
2 | 3 years' imprisonment;
3 | $250,000 fine;
4 | 1 year of supervised release; and
5 | $100 special assessment.
6 |
7 | Date: November 4, 2019                          Respectfully Submitted,
8 |                                                 DAVID L. ANDERSON
9 |                                                 UNITED STATES ATTORNEY
10 |                                                /s/ signature
11 |                                                 AUSA NAME
                                                    Assistant United States Attorney
12 |
13 |

v. 7/10/2018

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### District of Oregon

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | |
| Paola Andrea Cordoba Velez, | ) | Case No. 6:19-mj- |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 2019__ in the county of __Lane__ in the _____ District of __Oregon__, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 1204 | International Parental Kidnapping |

This criminal complaint is based on these facts:

The attached affidavit of SA Miguel A. Perez, which is incoporated herein

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Miguel A. Perez, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/23/2019

_____
*Judge's signature*

Thomas M. Coffin, U.S. Magistrate Judge
*Printed name and title*

Pursuant to Rule 4.1

City and state: Eugene, Oregon

DISTRICT OF OREGON, ss:    AFFIDAVIT OF MIGUEL PEREZ
STATE OF OREGON

### Affidavit in Support of a Criminal Complaint and Arrest Warrant

I, Miguel A. Perez, being duly sworn, do hereby depose and state as follows:

### Introduction and Agent Background

1.    I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been since January 2015. I am currently assigned to the Portland Division at the Eugene, Oregon Resident Agency. During my training in the FBI Academy in Quantico, Virginia, I received training in a variety of investigative and legal matters, including the topics of Fourth Amendment Searches and probable cause. As a Special Agent, my responsibilities include the investigations of financial crimes and other violations of Federal laws, including Title 18 of the United States Code. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. § 1204, and I am authorized by the Attorney General to request an arrest warrant.

2.    I submit this affidavit in support of a criminal complaint and arrest warrant for Paola Cordoba-Velez, for International Parental Kidnapping in violation of 18 U.S.C. § 1204. As set forth below, there is probable cause to believe, and I do believe, that Paola Cordoba-Velez committed International Parental Kidnapping in violation of 18 U.S.C. 1204.

3.    This affidavit contains information I have learned from discussions with Detective Anne McIntyre, Eugene Police Department, review of police reports, review of an arrest warrant, and review of a Writ of Assistance.

### Applicable Law

4.    Title 18, U.S.C., Section 1204, states that whoever removes a child from the United States, or attempts to do so, or retains a child (who has been in the United States) outside

the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both

### Statement of Probable Cause

5. On October 20, 2019, EPD Detective Anne McIntyre responded to assist Eugene Police officer Ryan Trullinger on an investigation regarding custodial interference. The complainant Andrew Ram Burns reported that his wife, Paola Cordoba-Velez, had their biological one-year old child, Minor Victim 1 ("MV1"), in violation of a court order regarding custody. Det. McIntyre reviewed a Restraining Order, signed by the Honorable Lane County Circuit Court Judge Debra Velure on August 21, 2019, granting Burns supervised parenting time for a minimum of one hour per week as arranged by Christians as Family Advocates (CAFA).

6. On September 20, 2019, the Honorable Lane County Circuit Court Judge Clara Rigmaiden issued an "Order Modifying Family Abuse Prevention Act Order," stating Burns was allowed parenting time Monday beginning at 6:00 p.m. through Wednesday at 6:00 p.m. and Sundays from 3:00 p.m. to 7 p.m. Additionally, within that order, Judge Rigmaiden declares both parties were served a copy of the order in court, therefore Cordoba-Velez knows the custody agreement between the two parties as signed by the Court.

7. Det. Mcintyre reviewed a "Temporary Order of Restraint" prohibiting the parties from changing the child's usual place of residence, interfering with the present placement and daily schedule of the child, hiding or secreting the child form the other party, interfering with other parties usual contact and visitation with the child, leaving the state with the child without written permission of the other party or the permission of the court, or in any manner disturbing the current schedule and daily routine of the child until custody or visitation has been determined, signed by the Honorable Lane County Circuit Court Judge Charles Carlson on

September 12th, 2019. A proof of service was filed swearing to service on Cordoba-Velez of the Temporary Order of Restraint," personally and in person on September 12th, 2019 at 10 a.m.

8. On October 7, 2019, Burns' attorney filed a "Amended Motion for Order to Show Cause RE: Interim Parenting Time," in which Burns' requested the Court to amend the parenting time outlined within the motion, order Cordoba-Velez to keep MV1 within Eugene, Oregon, and order a psychological evaluation of Cordoba-Velez. Cordoba-Velez was served this "Motion to Show Cause" on October 9, 2019. The same day, Cordoba-Velez filed a response to the Affidavit to Show Cause, indicating she received and had full knowledge of the custody agreement.

9. Det. McIntyre reviewed a "Limited Judgment RE: Interim Custody and Parenting Time," document signed by the Judge Rigmaiden on October 14, 2019. The order awarded Burns "sole custody of the parties' minor child until further order of the Court." Further, "a writ of assistance shall be presented to the Court and be signed by the Court and issued in order to obtain Respondent's compliance with the terms of this Limited Judgement."

10. Det. McIntyre reviewed the "Writ of Assistance" signed by Judge Rigmaiden on October 14, 2019 stating MV1 was being unlawfully withheld by Paola A. Cordoba-Velez and custody of the child has been awarded to Andrew Burns. The order commands the Sheriff of Lane County, Oregon or any Police Officer to take custody, by the reasonable force necessary, of MV1, wherever in the State of Oregon, if found, and deliver MV1 to Andrew Burns.

11. Burns told Det. McIntyre that he did not have his court ordered parenting time on October 13, October 14 at 6:00 p.m. to October 16 at 6:00 p.m., or on October 20, 2019 from 3:00 p.m. to 7:00 p.m., as laid out in the "Order Modifying Parenting Time Abuse Prevention Act Order," signed by Judge Rigmaiden. During this time, Burns was court ordered to not contact Cordoba-Velez so had been unable to follow up with her.

12. Further, Burns told Det. McIntyre that he had received information from his father who currently lives in Colombia. His father advised Burns that he had information suggesting that Cordoba-Velez was planning on arriving in Colombia soon. Det. McIntyre asked him how his father obtained this information. He said that Cordoba-Velez still has an apartment in Colombia and his father had gone to the apartment to check for activity. His father had spoken to another tenant who informed him that they had received a message from Cordoba-Velez that she would be returning to Colombia soon.

13. Burns also told Det. McIntyre that he had looked at their phone records, which included both his and Cordoba-Velez' cell phone, and discovered that she had called the Colombian Embassy several times. The records also showed that she had not used that cell phone number since October 10, 2019. Det. McIntyre then attempted to call Cordoba-Velez but was unable to make contact. Burns also showed Det. McIntyre Wells Fargo bank records which showed Cordoba-Velez used her ATM card at The Wireless Source in Eugene Oregon on September 24, 2019.

14. Det. McIntyre also spoke to a friend of Cordoba-Velez regarding her location. The friend, Witness 1 (W1), told Detective McIntyre that W1 purchased a cellphone that he knew to be unregistered, and gave it to Cordoba-Velez so he could be in contact with her. W1 confirmed that the phone for Cordoba-Velez was for a Mexico phone number. W1 showed Det. McIntyre the unregistered cellphone through which he was communicating with Cordoba-Velez. The phone number was "52 229 115 719," which Detective McIntyre knows to be the international code for Mexico. Det. McIntyre observed the phone number on the friend's cellphone.

15. W1 reported that Cordoba-Velez stated that she was currently in Mexico City.

16. W1 told Det. McIntyre he knew Cordoba-Velez was requesting another friend, Witness 2 (W2), to get an apostilled birth certificate for MV1 and to send it to the Colombia Consulate in Mexico City. The friend stated that the purpose of the birth certificate was to obtain a Colombian passport for MV1.

### Conclusion

17. Based on the foregoing, I have probable cause to believe, and I do believe, that Paola Cordoba-Velez committed International Parental Kidnapping in violation of 18 U.S.C. § 1204. I therefore request that the Court issue a criminal complaint and arrest warrant for Paola Cordoba-Velez.

18. Prior to being submitted to the Court, this affidavit, the accompanying application, and the requested search warrant were all reviewed by Assistant United States Attorney (AUSA) Gavin W. Bruce, and AUSA Bruce advised me that in his opinion the affidavit and application are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

_____
MIGUEL PEREZ
Special Agent, FBI

Subscribed and sworn to before me this 23 day of October, 2019.

Thomas M. Coffin
THOMAS M. COFFIN
United States Magistrate Judge   Pursuant to Rule 41